BAGNERIS, J.,
dissents with reasons.
LI respectfully dissent and would affirm the trial court’s granting of summary judgment.
Notwithstanding the majority’s finding that summary judgment was premature because Zulu needs time to conduct addi *708 tional discovery, I find nothing in my examination of the petition for damages, the amending and supplemental petition for damages, the answers to interrogatories, the allegations raised in plaintiffs’ petitions, and the language of the exclusion by which coverage might be found in Lloyd’s policy. The Coconut Exclusion provides, “[i]t is agreed and understood that there will be no coverage for any coconut thrown in any fashion from anywhere on the float. Coconuts may be handed from the first layer of the float only.”
The Coconut Exclusion unambiguously excludes coverage for the allegations raised in the petitions and in the answers to interrogatories. Lloyd’s properly supported its motion for summary judgment. In contrast, Zulu failed to produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial. There is no genuine issue of material fact; hence, Lloyd’s is entitled to summary judgment as a matter of law.